IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gladys Werley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11 C 7556 |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A., | ) | |
| an Ohio corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gladys Werley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Gladys Werley ("Werley"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed for a Discover credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, and three other states, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Weltman is authorized to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Weltman conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Werley is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Discover credit card. When WWR began trying to collect this debt from Ms. Werley, by sending her a collection letter, dated September 15, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant WWR's collection actions. A copy of Defendant's September 15, 2011 letter is attached as Exhibit B.

7. Accordingly, on October 3, 2011, one of Ms. Werley's attorneys at LASPD informed WWR, in writing, that Ms. Werley was represented by counsel, and directed WWR to cease contacting her, and to cease all further collection activities because Ms. Werley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

8. Nonetheless, Defendant WWR directly called Ms. Werley on October 5, 2011, to demand payment of the Discover credit card debt.

9. Accordingly, on October 5, 2011, one of Ms. Werley's LASPD attorneys had to write to Defendant WWR again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Undeterred, Defendant WWR continued to call Ms. Werley directly, to demand payment of the Discover credit card debt, including multiple calls during the week of October 17, 2011.

11. Defendant WWR's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant WWR's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letters from Ms. Werley's, agent, LASPD, told Defendant WWR to cease communications and cease collections (Exhibits C and D). By continuing to communicate regarding this debt and demanding payment, Defendant WWR violated §

3

1692c(c) of the FDCPA.

16. Defendant WWR's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant WWR knew that Ms. Werley was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits C and D), that she was represented by counsel, and had directed Defendant WWR to cease directly communicating with him. By continuing to call Ms. Werley directly, despite being advised that she was represented by counsel, Defendant WWR violated § 1692c(a)(2) of the FDCPA.

20. Defendant WWR's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gladys Werley, prays that this Court:

1. Find that Defendant WWR's debt collection actions violated the FDCPA;

5

    2.      Enter judgment in favor of Plaintiff Werley, and against Defendant WWR, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gladys Werley, demands trial by jury.

                    Gladys Werley,

                    By: /s/ David J. Philipps_____
                    One of Plaintiff's Attorneys

Dated: October 24, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com